**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4809-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PETER N. RUSCH,

    Defendant-Appellant.

---

Submitted October 31, 2017 — Decided November 21, 2017

Before Judges Carroll and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No. 10-
03-0392.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel, on the brief).

Joseph D. Coronato, Ocean County Prosecutor,
attorney for respondent (Samuel Marzarella,
Chief Appellate Attorney, of counsel; Shiraz
Imran Deen, Assistant Prosecutor, on the
brief).

PER CURIAM

Defendant Peter Rusch appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In a four-count indictment, defendant and co-defendant Raymond Graziosi were jointly charged with first-degree robbery, N.J.S.A. 2C:15-1 (count one); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d (count two); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d (count three). Graziosi was separately charged with third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10 (count four). Following a June 2011 jury trial, defendant was acquitted of count two, but convicted of the remaining counts.

At sentencing on September 1, 2011, the court merged count three with count one. The court then sentenced defendant to a seventeen-year prison term on the robbery conviction, with an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed and, in an unpublished opinion, we affirmed his convictions and sentence. State v. Rusch, No. A-795-11 (App. Div. Feb. 14, 2014). The Supreme Court denied defendant's petition for certification. State v. Rusch, 219 N.J. 627 (2014).

The facts underlying defendant's convictions are set forth in our earlier opinion and need not be repeated in the same level

of detail here. Briefly summarizing, during the early morning hours of July 24, 2009, the victim, George Murphy, was attacked and robbed at knifepoint by two individuals, later identified as defendant and Graziosi. The incident took place on the beach in Seaside Heights. Murphy advised police that the men involved were white, and one wore a tan hat, white tee shirt, and jean shorts, and the other wore a red hat. The police apprehended Graziosi, who was wearing a red hat, near the scene, and Murphy immediately identified Graziosi as one of the perpetrators. Defendant was not at the scene, but was arrested within a short time after police spotted him jumping fences between houses. When questioned by police, defendant admitted "hanging out all night" with Graziosi, but denied any knowledge of the incident with Murphy on the beach.

Graziosi pled guilty and testified for the State at defendant's trial. Graziosi stated he and defendant were approached in a convenience store parking lot by Murphy, who asked to buy drugs from them. The three men walked to the beach, where defendant punched Murphy in the face. Graziosi then helped pin Murphy down, while defendant held a knife to Murphy's throat and removed cash and a wallet from Murphy's pockets. After police apprehended Graziosi, he identified defendant as the other individual involved in the robbery.

3

Defendant filed a timely petition for PCR in February 2015. PCR counsel was appointed and submitted a brief contending trial counsel failed to: (1) object to the court's omission of a portion of Model Jury Charge (Criminal), "Testimony of a Cooperating Co-Defendant or Witness" (revised 2/6/06), when it was read to the jury; (2) challenge Murphy's out-of-court identification of defendant based on a faulty photo identification procedure; (3) secure evidence that would have assisted in establishing a defense, such as the convenience store surveillance video and fingerprint evidence; and (4) pursue another altercation defendant was involved in that evening with a female acquaintance, which could have assisted in establishing an alibi defense. Defendant also faulted counsel's request that defendant prepare a list of proposed questions and anticipated answers for each witness to be called at trial.

Judge James M. Blaney, who was not the trial judge, denied defendant's petition by order filed on May 6, 2016. Judge Blaney issued a comprehensive thirteen-page written opinion on the same date setting forth his findings and reasons for denying defendant any relief. The judge concluded defendant did not establish a prima facie showing of ineffective assistance of counsel and, therefore, no evidentiary hearing was required. This appeal

4

followed, in which defendant presents the following issues for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING [] DEFENDANT'S PETITION FOR POST[-]CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

POINT II

THE TRIAL COURT ERRED IN DENYING [] DEFENDANT'S PETITION FOR POST[-]CONVICTION RELIEF, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-4.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, l04 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (l987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the following two-prong test: (l) counsel's performance was deficient and he or she made errors so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland, supra, 466 U.S. at 694, l04 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Here, defendant focuses his appeal on the statement Murphy gave to police in which he indicated that one of the men who robbed him wore a tan hat and the other a red hat. Murphy elaborated that he identified Graziosi at the scene as the man with the red hat, and it was the man wearing the tan hat who held the knife to his throat during the robbery. When asked about the specific features of the man wearing the tan hat, Murphy replied he had "identified him in the pictures already."

Defendant asserts there was no mention in discovery of a photo array or the photo identification procedure the police utilized. He submits this implies "that in fact no photo array was used at all and that single photos were used." Defendant argues trial counsel was ineffective in failing to challenge this "faulty identification procedure," and he was prejudiced because, other than Graziosi, no other witness identified him as one of the robbers. Defendant further contends the PCR court erred in finding this argument was procedurally barred under Rule 3:22-4(a) because it could have been raised on direct appeal. Defendant also argues appellate counsel was ineffective in failing to raise the

identification issue on appeal.[1]  After reviewing the record, we do not find these arguments persuasive.

On direct examination by the prosecutor, Murphy was not asked to identify defendant in the courtroom as one of the men who robbed him, nor was he questioned about any prior out-of-court identification he made of defendant.  However, on cross-examination, Murphy referenced the word "picture," and he was then asked by defense counsel, "Didn't they show that person to you?"  The State sought a sidebar, during which the identification issue was discussed.  The following colloquy ensued:

> [PROSECUTOR]:  Judge, we discussed this at length in chambers.  The State has made every confession on the [identification].  [Defense counsel] has just opened that door by directly asking him, didn't they show you pictures to [identify] the guy with the knife.  I am going to get up there on redirect and have [Murphy] [identify] [defendant] in court.
>
>    . . . .
>
> [DEFENSE COUNSEL]:  I did not ask him about any pictures.  I was asking him the person who was apprehended, was he shown that person.
>
> [THE COURT]:  I think it's been pretty well established there's a prior inconsistent

[1] We decline to consider defendant's new claim of ineffective assistance of appellate counsel because it was not previously raised in defendant's PCR petition, was not argued before the PCR court, and does not involve jurisdictional or public interest concerns.  State v. Robinson, 200 N.J. 1, 20 (2009); State v. Arthur, 184 N.J. 307, 327 (2005); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-4809-15T3

statement so you made your point, but now you are going a little far afield and I do not want anything that is going to lead to opening the door and giving an out[-]of[-]court identification because the State . . . attempted not to do an out[-]of[-]court or in[-]court identification and it will remain such.

. . . .

I will tell this jury to disregard any question about pictures or any answer about pictures, okay. We will move on from there.

The judge then instructed the jury:

You are to totally and completely disregard the question and answer that you just heard regarding pictures. It is not to enter into your discussions or deliberations at any time. It is not evidence.

It is clear from the record the State had conceded the identification issue and did not introduce an out-of-court or in-court identification of defendant before the jury. Defendant's contention that trial counsel should have somehow challenged an identification that was not used at trial lacks merit. Had defense counsel done so, the trial judge would have precluded the questioning or, alternatively, counsel would have risked opening the door to allow Murphy's identification testimony.

Moreover, defendant has failed to demonstrate prejudice. As Judge Blaney aptly concluded:

Defense counsel's attempts to cross-examine about the pictures did not fall below the

8                                    A-4809-15T3

standard of what a reasonable attorney should do, and his failure to continue to do so after the [c]ourt warned him to stop discussing the pictures was proper. If trial counsel had more firmly objected and eventually brought the issue of the picture being used to identify [defendant] at the police station, it does not seem likely that this small bit of evidence, in comparison with the remainder of the evidence against him, would have caused a different result.

The record also supports Judge Blaney's findings on defendant's other claims. Accordingly, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel under the Strickland-Fritz test. The judge correctly concluded an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4809-15T3